Bullard-Johnson L. & S. Co. v. Oregon S. L. R. Co., 192 Ill. App. 387.

MR. PRESIDING JUSTICE BROWN delivered the opinion of the court.

## Abstract of the Decision.

1. CORPORATIONS, § 597*—*when succeeding corporation liable for debts of predecessor*. A corporation created to take over the business of another corporation of the same name whose charter had expired, the capital stock of which was paid by the transfer of all the property and assets of the latter, is liable for the unpaid purchase price of goods ordered by the latter prior to the expiration of its charter.

2. CORPORATIONS, § 346*—*when corporation cannot object to want of power*. A corporation accepting the benefits of a transaction cannot in an action for the purchase price object to its want of power to engage in the particular undertaking.

3. CORPORATIONS, § 325*—*what business incidental to that for which organized*. Trading in furniture may reasonably be considered as incidental to the business of a corporation formed to engage in the business of interior decoration.

Bullard-Johnson Land & Sheep Company for use of J. H. Bishop, Administrator, Appellant, v. Oregon Short Line Railroad Company, Appellee.

### Gen. No. 20,535.   (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. JAMES C. MARTIN, Judge, presiding. Heard in this court at the October term, 1914. Affirmed. Opinion filed April 26, 1915.

## Statement of the Case.

Action by Bullard-Johnson Land & Sheep Company, a corporation, for the use of J. H. Bishop, administrator of the estate of J. M. Wilson, deceased, against the Oregon Short Line Railroad Company

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

for damages for the failure to have cars at Emmet, Idaho, at a specified time. The questions in this case bear much resemblance to those presented to this court in *Goodwin v. Oregon Short Line R. Co.*, 191 Ill. App. 146. The station agent of the Idaho Northern Railroad Company at Emmet gave an order, according to the testimony of the plaintiff, to the station agent of the Oregon Short Line Railroad Company at Nampa, after he had received an order from the plaintiff for cars at Emmet for the shipment of stock from that place. The agent at Nampa placed the order with the Chicago dispatcher of the Oregon Short Line Railroad Company at Nampa. Afterwards said dispatcher had a conversation with the vice-president of the defendant Company and informed said president that he did not know whether the defendant could get the cars on time but that the plaintiff would get the cars as soon as they could. Judgment for the defendant. Plaintiff appeals.

CHARLES A. BUTLER, for appellant; FRANKLIN RABER, of counsel.

JOHN A. SHEEAN, for appellee.

MR. PRESIDING JUSTICE BROWN delivered the opinion of the court.

### Abstract of the Decision.

1. CARRIERS, § 55*—*what are powers of agent.* A local station agent in charge of a railroad company's business at a particular station is presumed to have authority to represent the company in all matters connected with the transaction of its business at that particular station, but he is not presumed to have authority to act for the company at other stations, and when he attempts to do so, his act, unless ratified, will not bind the company.

2. CARRIERS, § 55*—*when agent cannot bind carrier.* The promise of the local agent of a railroad company and its train dispatcher

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

to supply cars to a shipper on the tracks of another railroad is not binding upon the former company.

3. CARRIER, § 55*—*what not acquiescence in acts of agent.* Knowledge by the vice-president of a railway company from its chief local dispatcher that one of its local agents has received an order or request from the local agent of another road to supply the order for cars made to the latter by one of its patrons does not make such company liable for damages for a delay in filling the order where no contract exists, the act of supplying the cars where the agents of the company have not agreed to do so not constituting acquiescence.

4. CARRIERS, § 55*—*when compliance with previous contracts of agent does not show authority.* The act of the local agent of a railway company in supplying cars for the patrons of another company upon the request of the local agent of the latter does not make the former liable for failure to supply such cars on the ground that the local agent had authority to make a contract binding on it on account of his previous like conduct ratified by the company.